# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-71008-FJS |
| MYRTLE OLIVIA RAWLES, ) | |
| ) | |
| *Debtor.* ) | Chapter 13 |
| ) | |

## ORDER TO SHOW CAUSE

On March 19, 2019, Carolyn A. Bedi, counsel for the above-captioned Debtor, filed bankruptcy petition on the Debtor's behalf, commencing a case under Chapter 13 of the United States Bankruptcy Code. The petition contains the following electronic signature for the Debtor: "/s/ Donna Rawles POA for Myrtle Rawles."[1] On the same date, Ms. Bedi filed a certificate of credit counseling, which indicates that Donna Rawles completed the credit counseling course required by § 109(h)(1) on March 15, 2019.[2] On April 2, 2019, Ms. Bedi filed lists, schedules, statements, and a chapter 13 plan on behalf of the Debtor, which are also signed by Donna Rawles for the Debtor.

If a debtor is an infant or incompetent person, then an individual who has been appointed as the debtor's representative[3] under nonbankruptcy law may file a voluntary petition on the debtor's behalf. Fed. R. Bankr. P. 1004.1. If an infant or incompetent person does not have a duly appointed representative, a next friend or guardian ad litem may file a petition on the debtor's

---

[1] POA presumably refers to "power of attorney."

[2] Ms. Bedi also filed a credit counseling certificate indicating that the Debtor completed the credit counseling course required by § 109(h)(1) on March 17, 2019.

[3] "The rule does not define 'representative,' but gives as examples a general guardian, committee, conservator and similar fiduciary. Because the term 'including' is not exclusive, there can be other types of legal representatives." 9 Collier on Bankruptcy P 1004.1.02 (16th 2019).

behalf. *Id.* Finally, if an infant or incompetent debtor is not otherwise represented, then the court must appoint a guardian ad litem or issue any such order necessary to protect the debtor. *Id.* Here, Ms. Bedi has neither filed a copy of any document evidencing Donna Rawles' appointment as the Debtor's "representative" under nonbankruptcy law nor has Ms. Bedi filed a request for appointment of a representative for the Debtor. Therefore, the Court finds that Carolyn A. Bedi, Esquire, should appear and show cause as to why this case should not be dismissed because Donna Rawles lacked the requisite authority under applicable law to commence a bankruptcy case on the Debtor's behalf.

Accordingly, the Court ORDERS **Carolyn A. Bedi, Esquire** to appear at the **United States Bankruptcy Court, Courtroom Two, 4th Floor, 600 Granby Street, Norfolk, Virginia**, at **10:00 a.m.** on **April 16, 2019,** and show cause why this case should not be dismissed because Donna Rawles lacked the requisite authority under applicable law to commence a bankruptcy case on the Debtor's behalf.

The Clerk shall deliver copies of this Order to the Carolyn A. Bedi, counsel for the Debtor; the Debtor; the Chapter 13 Trustee; and the Office of the United States Trustee.

IT IS SO ORDERED.

Apr 3 2019

/s/ Frank J. Santoro
FRANK J. SANTORO
United States Bankruptcy Judge

Entered on Docket: 4/3/19